**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOSE FLORES-MEJIA,
*Defendant-Appellant.*

No. 11-50340

D.C. No.
3:10-cr-04971-L-1

OPINION

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted
June 4, 2012—Pasadena, California

Filed August 9, 2012

Before: Betty B. Fletcher, Kim McLane Wardlaw, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

## COUNSEL

James Fife, Federal Defenders of San Diego, Inc., San Diego, California, for the appellant.

Mark R. Rehe and Michael E. Lasater, Assistant U.S. Attorneys, San Diego, California, for the appellee.

## **OPINION**

BYBEE, Circuit Judge:

Jose Flores-Mejia, an alien, was convicted of robbery under California Penal Code § 211 in 1994 and again in 1996. In March 2009, he was deported to Mexico and then arrested in September 2010 after he illegally reentered the United States. He pleaded guilty to a charge of unlawful reentry under 8 U.S.C. § 1326(a). The Presentence Report recommended a 16-level enhancement in the offense level for his two prior robbery convictions, which it identified as crimes of violence under U.S. Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii). Flores-Mejia objected to the enhancement, arguing that after a recent decision by the California Supreme Court, convictions under § 211 were no longer categorical crimes of violence. The district court rejected this argument and imposed the 16-level enhancement. Flores-Mejia timely appealed.

"We review de novo whether a prior conviction constitutes a crime of violence under U.S.S.G. § 2L1.2." *United States v. Espinoza-Morales*, 621 F.3d 1141, 1144 (9th Cir. 2010). We conclude that the district court did not err in rejecting Flores-Mejia's argument and imposing the crime of violence enhancement, and we affirm.

Flores-Mejia argues on appeal that the district court erred in holding that a robbery conviction under § 211[1] categori-

---

[1]California Penal Code § 211 provides: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

cally qualifies as a crime of violence for purposes of sentenc-ing under U.S.S.G. § 2L1.2.**²** He contends the California Supreme Court in *People v. Anderson*, 252 P.3d 968 (Cal. 2011), changed California law and broadened the conduct falling within § 211 so that it is no longer categorically a crime of violence.

**[1]** In *United States v. Becerril-Lopez*, we held that § 211 was categorically a crime of violence for purposes of § 2L1.2. 541 F.3d 881, 890-93 (9th Cir. 2008). In doing so, we adopted the federal generic definition of robbery from the Fifth Circuit: " 'aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person.' " *Id.* at 891 (emphasis removed) (quoting *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006)). We found § 211 to be broader than the generic crime of robbery "because it encom-passes mere threats to property." *Id.* That is, California defines fear as used in § 211 as either " '[t]he fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family,' or '[t]he fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery.' " *Id.* at 890-91 (alterations in origi-nal) (quoting Cal. Penal Code § 212). We concluded, how-ever, that even if "[t]akings through threats to property and other threats of unlawful injury," *id.* at 891, did not fall within generic robbery, they did constitute federal generic extortion, which the Supreme Court defined as " 'obtaining something of value from another with his consent induced by the wrong-ful use of force, fear, or threats,' " *id.* (quoting *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003)). As a

---

**²**This provision defines "crime of violence" as "any of the following offenses under federal, state, or local law: . . . robbery, . . . extortion, . . . or any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).

result, any conviction under § 211 constitutes a crime of violence for purposes of § 2L1.2, regardless of whether the crime of conviction could be characterized as generic robbery or generic extortion.

*Becerril-Lopez* thus forecloses Flores-Mejia's argument unless, as he maintains, the California Supreme Court's decision in *Anderson* "undercut[s] the theory or reasoning underlying [*Becerril-Lopez*] in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Flores-Mejia cannot make this showing.

**[2]** First, it is not clear that *Anderson* changed California's interpretation of § 211. For a defendant to be convicted of robbery in California, he "must apply . . . force for the purpose of accomplishing the taking." *Anderson*, 252 P.3d at 972 (emphasis omitted) (quoting *People v. Bolden*, 58 P.3d 931, 957 (Cal. 2002)). In *Anderson*, the defendant argued that for the forcible taking in that case to be considered robbery (he stole the victim's car and then struck her with it while escaping), he would have had to apply the force with the intent to strike or frighten the victim. *Id.* at 970, 972. The court rejected the defendant's argument, stating that "no authority cited to us provides positive support for defendant's argument. Nor do[es] . . . anything . . . convince us robbery contains a heretofore unidentified element of intent to cause the victim to experience force or fear." *Id.* at 972. Relying on a preexisting definition of robbery, the court concluded that although "the law does require that the perpetrator exert some quantum of force in excess of that 'necessary to accomplish the mere seizing of the property,' " the crime "was robbery even if, as [the defendant] claims, he did not intend to strike [the victim], but did so accidentally." *Id.* (quoting *People v. Morales*, 122 Cal. Rptr. 157, 160 (Ct. App. 1975)). Thus, far from changing the law, *Anderson* confirms that to commit robbery, the defendant must intentionally use force to effect the taking, but need not use force intentionally against the victim. Because *Anderson* appears to have done nothing more

than confirm California's definition of robbery—a definition that existed when we decided *Becerril-Lopez*—our decision and *Anderson* are not "clearly irreconcilable." *Miller*, 335 F.3d at 900.

Flores-Mejia nonetheless argues that *Anderson* broadened the definition of robbery such that "§ 211 lacks the necessary, intentional *mens rea* to qualify" as the generic crime because it omits any requirement that the defendant intend to use force against the victim. To support his claim that § 211 is broader than the federal definition, Flores-Mejia relies on the Supreme Court's decision in *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (and our subsequent decisions interpreting *Leocal*), which held that the definition of crime of violence under 18 U.S.C. § 16(a) means "active employment" of force against another, as opposed to the reckless or negligent use of force. Flores-Mejia argues that because § 211 has no requirement of intent to harm the victim, while the generic federal definition does, § 211 encompasses a broader range of conduct and therefore cannot categorically constitute a crime of violence under § 2L1.2.

*Leocal* does not control the outcome here. In *Leocal*, the Supreme Court defined "crime of violence," but did so for purposes of 18 U.S.C. § 16. Here, however, we are concerned with the enumerated "crime of violence" offenses listed in U.S.S.G. § 2L1.2, which we have recognized "contains its own approach to defining a crime of violence that is only partly similar to the 18 U.S.C. § 16 definition." *United States v. Gomez-Leon*, 545 F.3d 777, 787 (9th Cir. 2008). Section 2L1.2 defines "crime of violence" in two ways: (1) an "element" based definition ("any offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)), which is "identical" to the definition contained in 18 U.S.C. § 16, *United States v. Narvaez-Gomez*, 489 F.3d 970, 976 (9th Cir. 2007); and (2) an "enumerated offenses" definition listing specific crimes, including robbery, U.S.S.G.

§ 2L1.2 cmt. n.1(B)(iii). This case concerns the latter definition of "crime of violence," and it is here that Flores-Mejia's argument falls apart. As we previously held, since the "enumerated offenses" definition "does not require us to apply . . . the element test . . . the underlying conviction need not be for an offense that involves the intentional use of force." *Gomez-Leon*, 545 F.3d at 789; *accord Narvaez-Gomez*, 489 F.3d at 976 n.2 ("The government argues that the definitions are different, but the cases it cites involved enumerated crimes in the 'crime of violence' definition under § 2L1.2 that are not relevant here."). Because we are concerned with an enumerated offense (robbery), "*Leocal* does not apply" to our crime-of-violence analysis. *Id.*

**[3]** In sum, we hold that a conviction under California Penal Code § 211 remains a categorical crime of violence under the "enumerated offenses" definition in U.S.S.G. § 2L1.2.

AFFIRMED.