**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose ZAINES–VARGAS, Defendant–Appellant.**

**No. 12–50037.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2013.*

Filed Aug. 1, 2013.

Harold W. Chun, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Jose Zaines–Vargas appeals from the district court's judgment and challenges

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the 51–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Zaines–Vargas contends that the district court abused its discretion by failing to depart downward on the basis of his cultural assimilation. Our review of a district court's exercise of discretion to depart or vary on the basis of cultural assimilation is subsumed in our review of whether the court imposed a substantively reasonable sentence. *See United States v. Ellis,* 641 F.3d 411, 421–22 (9th Cir.2011). The court did not abuse its discretion in imposing Zaines–Vargas's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), including the need to deter and promote respect for the law. *See id.*

Zaines–Vargas contends that the district court erred by applying a 16–level enhancement under U.S.S.G. § 2L1.2 because his prior conviction for robbery, in violation of California Penal Code § 211, does not qualify as a crime of violence. This contention is foreclosed, *see United States v. Flores–Mejia,* 687 F.3d 1213, 1215–16 (9th Cir.2012), and we decline Zaines–Vargas's request that we seek en banc review of this issue.

Zaines–Vargas's contention that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was overruled by *Nijhawan v. Holder,* 557 U.S. 29, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), is foreclosed. *See*

*United States v. Valdovinos–Mendez,* 641 F.3d 1031, 1036 (9th Cir.2011).

**AFFIRMED.**