**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50037 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-03890-BEN |
| v. | |
| JOSE ZAINES-VARGAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Jose Zaines-Vargas appeals from the district court's judgment and challenges the 51-month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Zaines-Vargas contends that the district court abused its discretion by failing to depart downward on the basis of his cultural assimilation. Our review of a district court's exercise of discretion to depart or vary on the basis of cultural assimilation is subsumed in our review of whether the court imposed a substantively reasonable sentence. *See United States v. Ellis*, 641 F.3d 411, 421-22 (9th Cir. 2011). The court did not abuse its discretion in imposing Zaines-Vargas's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), including the need to deter and promote respect for the law. *See id.*

Zaines-Vargas contends that the district court erred by applying a 16-level enhancement under U.S.S.G. § 2L1.2 because his prior conviction for robbery, in violation of California Penal Code § 211, does not qualify as a crime of violence. This contention is foreclosed, *see United States v. Flores-Mejia*, 687 F.3d 1213, 1215-16 (9th Cir. 2012), and we decline Zaines-Vargas's request that we seek en banc review of this issue.

Zaines-Vargas's contention that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), was overruled by *Nijhawan v. Holder*, 557 U.S. 29 (2009), is foreclosed. *See United States v. Valdovinos-Mendez*, 641 F.3d 1031, 1036 (9th Cir. 2011).

**AFFIRMED.**

2                                                                                              12-50037