**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50158 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00306-JLS |
| v. | |
| HECTOR GONZALEZ-CORELLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Hector Gonzalez-Corella appeals from the district court's judgment and

challenges the 63-month sentence and 3-year term of supervised release imposed

following his guilty-plea conviction for being a deported alien found in the United

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez-Corella contends that the district court erred by imposing a 16-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his prior robbery conviction under section 211 of the California Penal Code. As Gonzalez-Corella concedes, this argument is foreclosed by *United States v. Flores-Mejia*, 687 F.3d 1213, 1214-16 (9th Cir. 2012). We decline Gonzalez-Corella's request that we seek en banc review of this issue.

Gonzalez-Corella also contends that the three-year term of supervised release is substantively unreasonable in light of U.S.S.G. § 5D1.1(c). The district court did not abuse its discretion in imposing Gonzalez-Corella's term of supervised release. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the totality of the circumstances, including Gonzalez-Corella's extensive criminal history and the need for additional deterrence. *See id.*; U.S.S.G. § 5D1.1 cmt. n.5 (the district court should consider imposing supervised release on a deportable alien "if the court determines it would provide an added measure of deterrence and protection").

**AFFIRMED.**