**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10661 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-01290-RCC |
| v. | |
| LEOPOLDO ARTEAGA-REYNA, a.k.a. Leopoldo Reyna Arteaga, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Linda R. Reade, District Judge, Presiding[**]

Submitted November 18, 2014[***]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Leopoldo Arteaga-Reyna appeals the district court's imposition of a 41-

month sentence following his guilty plea to reentry after deportation, in violation

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Arteaga-Reyna contends that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior conviction under California Penal Code § 211 is not a crime of violence. Arteaga-Reyna's argument is foreclosed. *See United States v. Flores-Mejia*, 687 F.3d 1213, 1214-16 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 958 (2013).

Arteaga-Reyna also alleges that his 41-month sentence is substantively unreasonable in light of his history and characteristics. We review the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). There is an abuse of discretion when the district court "makes an error of law, when it rests its decision on clearly erroneous findings of fact, or when we are left with a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc) (citation and internal quotation marks omitted). We find no abuse of discretion in this case because the 41-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**