**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff–Appellee*,

v.

JAMES EDWARD DIXON,
*Defendant–Appellant*.

No. 14-10318

D.C. No.
2:12-cr-00222-
GMN-VCF-1

OPINION

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Argued and Submitted
September 18, 2015—San Francisco, California

Filed November 20, 2015

Before: William A. Fletcher, Marsha S. Berzon, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## SUMMARY[*]

### Criminal Law

The panel vacated a sentence and remanded for resentencing in a case in which the district court found that the defendant had three prior convictions for "violent felonies," as defined by the Armed Career Criminal Act.

The panel held that Calif. Penal Code § 211 (robbery) is not a categorical match to the ACCA's definition of "violent felony" because § 211 criminalizes conduct not included within the ACCA's definition. The panel also held that § 211 contains only alternative means and is not divisible. The panel therefore concluded that a conviction for violating § 211 cannot serve as a predicate "violent felony" conviction for the application of a mandatory minimum sentence under the ACCA.

### COUNSEL

Angela H. Dows, Premier Legal Group, Las Vegas, Nevada, for Defendant-Appellant.

William Ramsey Reed (argued) and Elizabeth Olson White, Assistant United States Attorneys, Reno, Nevada, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

BEA, Circuit Judge:

James Dixon pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Upon conviction, and at sentencing, the district court found that Dixon had three prior convictions for "violent felonies," as defined by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B): two robbery convictions under California Penal Code ("CPC") § 211 and one assault-with-a-deadly-weapon conviction under Nevada Revised Statutes ("NRS") § 200.471. As a result, the district court sentenced Dixon to 15 years of imprisonment, the mandatory minimum sentence under the ACCA when a defendant has three prior "violent felony" convictions. *See* 18 U.S.C. § 924(e)(1). Dixon appeals the district court's imposition of the mandatory minimum sentence, contending that his prior convictions are not "violent felony" convictions as defined by the ACCA. We hold that a violation of CPC § 211 does not meet the ACCA's definition of "violent felony." As Dixon therefore does not have three predicate "violent felony" convictions, we vacate his mandatory minimum sentence and remand this case to the district court for resentencing.

**I**

The relevant facts are not in dispute. In 2012, a Nevada Highway Patrol officer pulled Dixon over because the windows of his vehicle were excessively tinted. When the officer approached the vehicle, he smelled marijuana and saw a small amount of marijuana in an open pocket of a backpack inside the vehicle. A second officer arrived at the scene and searched the vehicle, finding a .38 caliber revolver among

Dixon's work tools. Dixon admitted he knew the gun was there, but claimed he was holding it for a co-worker and had forgotten about it.

Dixon, who had nine prior felony convictions, pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court found that three of Dixon's prior convictions qualified as "violent felony" convictions, as defined by the ACCA: 1983 and 1987 convictions for robbery under CPC § 211 and a 2002 conviction for assault with a deadly weapon under NRS § 200.471. As a result, the district court imposed a 15-year prison sentence, the mandatory minimum sentence under the ACCA when a defendant has three prior "violent felony" convictions. *See* 18 U.S.C. § 924(e)(1). Dixon appeals only his sentence, claiming, as he did in the district court, that he does not have three "violent felony" convictions, as defined by the ACCA, and thus does not qualify for the mandatory minimum sentence.

## II

The ACCA prescribes a mandatory minimum sentence of 15 years of imprisonment when a defendant has three prior convictions for "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e)(1). The district court imposed the mandatory minimum sentence after finding that Dixon had three prior convictions for "violent felonies," as defined by the ACCA.[1] For purposes of the ACCA, a "violent felony" is:

---

[1] The ACCA's definition of "serious drug offense" is not at issue in this case.

> [A]ny crime punishable by imprisonment for
> a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted
> > use, or threatened use of physical
> > force against the person of another; or
>
> > (ii) is burglary, arson, or extortion, [or]
> > involves use of explosives . . . .**²**

18 U.S.C. § 924(e)(2)(B). To determine whether a state statute of conviction meets the ACCA's definition of "violent felony," a court must apply the categorical approach announced by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). *See, e.g.*, *United States v. Grisel*, 488 `F.3d 844, 847 (9th Cir. 2007) (en banc). We review de novo whether a state statute of conviction is a categorical match to the definition of "violent felony." *See id.* at 846.

A.   Taylor's *Categorical Approach*

Under *Taylor*'s categorical approach, a court determines whether a prior conviction under a state statute qualifies as a "violent felony" conviction under the ACCA by looking "only to the fact of conviction and the statutory definition of the prior offense," not to the facts underlying the conviction. *Id.* at 847 (quoting *Taylor*, 495 U.S. at 602). A violation of a

---

**²**  The ACCA's definition of "violent felony" also contains a catchall "residual clause" for crimes that "involve[] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This clause was recently declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). We therefore do not consider it as part of the ACCA's definition of "violent felony."

state statute is categorically a "violent felony" under the ACCA "only if the [state] statute's elements are the same as, or narrower than," those included in the ACCA's definition of "violent felony." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). In identifying the elements of a state statute, a court considers the language of the statute and judicial opinions interpreting it. *Rodriguez–Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013); *United States v. Bonat*, 106 F.3d 1472, 1475–76 (9th Cir. 1997). To evaluate whether a state statute matches one of the offenses enumerated in 18 U.S.C. § 924(e)(2)(B)(ii)—burglary, arson, or extortion—a court compares the elements of the state statute with the elements of the "generic" crime, or the offense as commonly understood. *See Rodriguez–Castellon*, 733 F.3d at 853; *see also Descamps*, 133 S. Ct. at 2281.

If a state statute defines as criminal more conduct than is included in the ACCA's definition of "violent felony," then a court must determine whether the state statute can be divided into violations that constitute "violent felonies" under the ACCA and others that do not. *See Descamps*, 133 S. Ct. at 2283–84; *see also Rendon v. Holder*, 764 F.3d 1077, 1084–86 (9th Cir. 2014). To be divisible, a state statute must contain "multiple, alternative elements of functionally separate crimes." *Rendon*, 764 F.3d at 1085 (emphasis omitted). If a state statute is divisible, a court may then take into consideration certain documents, such as charging documents or a plea agreement, to determine whether the defendant was convicted of violating a prong of the statute that meets the ACCA's definition of "violent felony." *Id.* at 1083–84. If, however, a state statute defines as criminal more conduct than is included in the ACCA's definition of "violent felony" and is not divisible, then a conviction under that statute cannot serve as a predicate "violent felony" conviction

under the ACCA for application of a mandatory minimum sentence. *See Descamps*, 133 S. Ct. at 2283–86.

## B. Application of the Categorical Approach to CPC § 211

We turn first to whether CPC § 211 is a categorical match to the ACCA's definition of "violent felony." We conclude that CPC § 211 is not a categorical match because it criminalizes conduct not included within the ACCA's definition of "violent felony."

CPC § 211 prohibits "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." We previously determined that CPC § 211 is categorically a "crime of violence" under U.S.S.G. § 2L1.2 because, in all its applications, CPC § 211 always constitutes either generic robbery or generic extortion, both of which are included in U.S.S.G. § 2L1.2's definition of "crime of violence." *See United States v. Flores–Mejia*, 687 F.3d 1213, 1215–16 (9th Cir. 2012); *United States v. Becerril–Lopez*, 541 F.3d 881, 892–93 (9th Cir. 2008). Unlike U.S.S.G. § 2L1.2, however, the ACCA's definition of "violent felony" includes only generic extortion; it omits generic robbery. *See* 18 U.S.C. § 924(e)(2)(B)(ii). Thus, although they are useful precedents, *Flores–Mejia* and *Becerril–Lopez* do not control the outcome of this case.

Generic extortion, which is an enumerated offense included in the ACCA's definition of "violent felony," is

defined broadly enough[3] to encompass many violations of
CPC § 211, but not all. *See Becerril–Lopez*, 541 F.3d at
891–92. In *Becerril–Lopez*, we cited *People v. Torres*, 39 Cal.
Rptr. 2d 103 (Ct. App. 1995), as an example of a case in
which the defendant violated CPC § 211 without committing
extortion. *Becerril–Lopez*, 541 F.3d at 892. In *Torres*, the
defendant demanded money from the victims, struck one
victim with a gun, and shot another; the use of force negated
any possible finding that the defendant intended to take the
victims' property with their consent. *See id.* (discussing
*Torres*, 39 Cal. Rptr. 2d at 111–12). Such a violation of CPC
§ 211 would not constitute extortion, which requires the
taking of property to be consensual, but would constitute
generic robbery, which has no consent requirement.[4] *Id.*

Because the ACCA's definition of "violent felony" lacks
"robbery" by name, any violation of CPC § 211 that does not
constitute extortion must have "as an element the use,
attempted use, or threatened use of physical force against the
person." 18 U.S.C. § 924(e)(2)(B)(i).[5] This element test

---

[3] Generic extortion is defined as "obtaining something of value from
another with his consent induced by the wrongful use of force, fear, or
threats." *Becerril–Lopez*, 541 F.3d at 891 (quoting *Scheidler v. Nat'l Org.
for Women, Inc.*, 537 U.S. 393, 409 (2003)).

[4] In *Becerril–Lopez*, we adopted the Fifth Circuit's definition of generic
robbery: "aggravated larceny, containing at least the elements of
misappropriation of property under circumstances involving immediate
danger to the person." 541 F.3d at 891 (emphasis omitted) (quoting *United
States v. Santiesteban–Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006)).

[5] A state statute may also categorically match the ACCA's definition of
"violent felony" if it "is burglary, arson, or . . . involves use of
explosives." 18 U.S.C. § 924(e)(2)(B)(ii). We set these provisions aside,

contains two additional requirements. First, the "physical force" used must be "*violent* force," or "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Second, the use of force must be intentional, not just reckless or negligent. *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010); *see also Leocal v. Ashcroft*, 543 U.S. 1, 12–13 (2004). Although some violations of CPC § 211 not constituting extortion—such as the conduct described in *Torres*—would meet the element test, other violations of CPC § 211 would not.

In *People v. Anderson*, the California Supreme Court clarified that one may violate CPC § 211 by *accidentally* using force. 252 P.3d 968, 972 (Cal. 2011). The facts of *Anderson* illustrate why CPC § 211 is not a categorical match to the ACCA's definition of "violent felony." Anderson broke into an unoccupied car that was parked in a parking garage, intending to steal it. *Id.* at 970–71. He drove the car out of its parking spot and attempted to leave the garage, but could not because the gate was closed and he did not have a way to open it. *Id.* After the gate opened, Anderson sped out of the garage in the stolen car, running over the car's owner in the process. *Id.* Although Anderson claimed this was an accident, the California Supreme Court upheld his CPC § 211 conviction, ruling that the statute does not require finding the defendant acted with the intent to use force against another, as long as the defendant did use force against another person with the intent to steal. *Id.* at 971–72.

---

as they do not, in the ordinary case, apply to the conduct proscribed by CPC § 211.

*Anderson* thus delineates one narrow class of CPC § 211 violations that do not satisfy the ACCA's definition of "violent felony": those in which (1) the taking is not consensual (thereby failing the definition of generic extortion); and (2) the defendant uses force against a person, but only accidentally or negligently, rather than intentionally (thereby failing the element test of 18 U.S.C. § 924(e)(2)(B)(i) as interpreted by *Lawrence* and *Leocal*). We acknowledge that the facts underlying the vast majority of convictions under CPC § 211 likely meet the definition of generic extortion, the element test, or both. However, *Taylor*'s categorical approach is an "elements-based inquiry," not an "evidence-based one." *Descamps*, 133 S. Ct. at 2287. Because *Anderson* shows that one can realistically violate CPC § 211 in a manner that is not covered by the ACCA's definition of "violent felony," a violation of CPC § 211 is not categorically a "violent felony" under the ACCA. *See Grisel*, 488 F.3d at 850 (noting that a state statute is not a categorical match to its federal counterpart only if there is a "realistic probability" that the statute would apply to conduct not included in the federal definition) (citing *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007)).

## C.  Divisibility of CPC § 211

Having found that CPC § 211 criminalizes conduct not included in the ACCA's definition of "violent felony," we turn next to whether CPC § 211 is divisible into violations that meet the ACCA's definition of "violent felony" and others that do not. We have little trouble finding that CPC § 211 is not divisible.

To be divisible, a state statute must contain "multiple, alternative elements of functionally separate crimes."

*Rendon*, 764 F.3d at 1085 (emphasis omitted). A statute is not divisible merely because it is worded in the disjunctive. *Id.* at 1086. Rather, a court must determine whether a disjunctively worded phrase supplies "alternative elements," which are essential to a jury's finding of guilt, or "alternative means," which are not. *Id.* at 1085–86. That is, if a statute contains alternative elements, a prosecutor "must generally select the relevant element from its list of alternatives. And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt." *Id.* at 1085 (quoting *Descamps*, 133 S. Ct. at 2290). But if a statute contains only alternative means, a jury need not agree as to *how* the statute was violated, only that it was. *Id.*

CPC § 211 has two disjunctively worded phrases— "person *or* immediate presence," "force *or* fear"—and CPC § 212, which defines "fear" as it is used in CPC § 211, contains several more. The California model jury instructions explain that the elements of CPC § 211 are: (1) the defendant took property that was not his own, (2) the property was in the possession of another person, (3) the property was taken from the other person or his immediate presence, (4) the property was taken against the other person's will, (5) the defendant used force or fear to take the property or to prevent the other person from resisting, (6) when the defendant used force or fear, he intended to deprive the owner of the property permanently, and (7) the defendant's intent to take the property was formed before or during the time he used force or fear. *See* Criminal Jury Instructions § 1600 (Jud. Conf. of Cal. 2015).

The disjunctively worded phrases in the statute and jury instructions are alternative means, not alternative elements. To return a guilty verdict on a CPC § 211 charge, a jury must

find that the elements are satisfied, but jurors need not agree on the disjunctively worded alternatives. For example, jurors must agree that element (3) is met—but the jury can return a guilty verdict even if some jurors believe the defendant took property from the victim's person and other jurors believe the defendant took the property from the victim's immediate presence. Similarly, for element (5), a jury can return a guilty verdict even if some jurors believe the defendant used force and others believe the defendant used fear. Jurors are also not required to agree on the defendant's state of mind as to the use of force, as long as they find that the defendant had the intent to steal at the time he used force. *Id.*; *see Anderson*, 252 P.3d at 971–72. As a result, CPC § 211 contains only alternative means and is not divisible. *See Rendon*, 764 F.3d at 1084–88.

## D.  *The Mandatory Minimum Sentence*

Because CPC § 211 criminalizes conduct not included in the ACCA's definition of "violent felony" and is not divisible, a conviction for violating CPC § 211 cannot serve as a predicate "violent felony" conviction for the application of a mandatory minimum sentence under the ACCA. *See Descamps*, 133 S. Ct. at 2283. Ignoring Dixon's 1983 and 1987 convictions for violating CPC § 211, Dixon does not have three prior "violent felony" convictions, as defined by the ACCA, and the ACCA's mandatory minimum sentence therefore does not apply. *See* 18 U.S.C. § 924(e)(1) (requiring *three* prior convictions for "violent felonies" or "serious drug offenses"). As a result, we vacate the district court's imposition of the mandatory minimum sentence and remand this case to the district court for resentencing. *See, e.g.*, *Grisel*, 488 F.3d at 852.

## E.  Dixon's Remaining Arguments

Having found that Dixon does not have three predicate "violent felony" convictions under the ACCA, we do not reach the question whether Dixon's 2002 conviction for violating NRS § 200.471 qualifies as a "violent felony" conviction. Likewise, we do not address Dixon's remaining arguments.

## III

Because a violation of CPC § 211 is not a "violent felony" under the ACCA, the district court incorrectly determined that it was required to apply the mandatory minimum sentence. As a result, we vacate Dixon's sentence and remand this case to the district court for resentencing.

**VACATED AND REMANDED.**