**UNITED STATES of America, Plaintiff,**

v.

**Tommy Lee WALKER, Defendant.**

### No. CR 12–0430 CW

United States District Court, N.D. California.

Signed October 5, 2016

William James Gullotta, United States Attorney's Office, Oakland, CA, for Plaintiff.

Edward Austin Smock, Office of the Federal Public Defender, Oakland, CA, for Defendant.

## ORDER GRANTING § 2255 MOTION

CLAUDIA WILKEN, United States District Judge

Movant Tommy Lee Walker, represented by counsel, moves under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent has filed an opposition to the motion and Movant has filed a reply. Having considered all of the papers filed by the parties and the record in this case, the Court will GRANT the motion.

## BACKGROUND

### A. Procedural Background

On October 25, 2012, Movant plead guilty, without a plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Applying United States Sentencing Guideline (USSG) § 2K2.1(a)(2), the Presentence Report (PSR) indicated that Movant's base offense level was 24, because Movant had two prior convictions for crimes of violence: one conviction for robbery in violation of California Penal Code section 211 and one conviction for fleeing or attempting to elude a police officer, in violation of Oregon Revised Statutes section 811.540. Section 2K2.1(a)(2) relies on the Career Offender Guideline, USSG § 4B1.2, for the definition of crime of violence. The PSR applied a three-level downward adjustment for acceptance of responsibility, for a total offense level of 21. The PSR indicated that Movant should be classified in Criminal History Category VI, resulting in an advisory Guidelines range of seventy-seven to ninety-six months. If Movant's sentence had not been enhanced based on the two prior crimes of violence, his total offense level would have been 14, with a resulting advisory Guidelines range of thirty to thirty-seven months. If Movant's sentence had been enhanced based on only one prior crime of violence, his total offense level would have been 20, with a resulting Guidelines range of fifty-one to sixty-three months.

At sentencing, the Court found that Movant's advisory Guidelines range was seventy-seven to ninety-six months and sentenced him to seventy-one months of imprisonment. Movant did not file a direct appeal but, on May 18, 2016, after the Supreme Court issued its decision in Johnson v. United States, — U.S. ——, 135

870

S.Ct. 2551, 192 L.Ed.2d 569 (2015), he filed the instant § 2255 motion.

## B. Johnson v. United States

In Johnson, the Supreme Court addressed a challenge to the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides that a defendant with three prior "violent felony" convictions faces a fifteen-year mandatory-minimum sentence if convicted of violating 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). The ACCA residual clause definition of "violent felony," which encompasses any crime that "involves conduct that presents a serious potential risk of physical injury to another," is identical to the residual clause of the Guidelines' definition "crime of violence." The Ninth Circuit makes "no distinction between the terms 'violent felony' as defined in the ACCA and 'crime of violence' as defined in § 4B1.2(a)(2) of the Sentencing Guidelines for purposes of interpreting the residual clauses." United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir. 2013) (quoting United States v. Crews, 621 F.3d 849, 852 n.4 (9th Cir. 2010)) (internal alteration marks omitted).

The Johnson Court held that the residual clause is so vague that it "both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S.Ct. at 2557. Accordingly, the Johnson Court held that an increase to a defendant's sentence under the clause "denies due process of law." In Welch v. United States, —— U.S. ——, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that Johnson is retroactive as applied to the ACCA. However, neither the Supreme Court nor the Ninth Circuit has addressed whether Johnson is retroactive as to the identical language in the Sentencing Guidelines.

## LEGAL STANDARD

A prisoner in custody under sentence of a federal court, making a collateral attack against the validity of his or her conviction or sentence, must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Section 2255 was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Under 28 U.S.C. § 2255, a federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.

## DISCUSSION

The government agrees that Johnson applies to the Sentencing Guidelines. However, the government argues that Movant procedurally defaulted his claim under Johnson by failing to file a direct appeal and that Johnson's application to the Sentencing Guidelines is not retroactive. Moreover, the government argues that Movant's prior convictions for second-degree robbery and violation of Oregon Revised Statutes section 811.540 are crimes of violence, as defined by the Guidelines, even without the residual clause.

## I. Procedural Default

As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). In order to overcome this procedural default resulting from the failure to raise his claims on direct appeal, Movant must show cause for the default and actual prejudice, or actual

innocence. Sanchez–Llamas v. Oregon, 548 U.S. 331, 350–51, 126 S.Ct. 2669, 165 L.Ed.2d 557 (2006). A movant shows cause by demonstrating "that the procedural default is due to an 'objective factor' that is 'external' to the petitioner and that 'cannot be fairly attributed to him.'" Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

 The government argues that "a defendant who failed to raise a claim on direct appeal must show ineffective assistance of counsel to establish cause." Docket No. 47 at 4. This narrow interpretation of cause is not supported by case law. Although, in most cases, a failure to object or failure to file a direct appeal that is not attributable to ineffective assistance of counsel is a procedural default, there are circumstances in which cause may be found. See, e.g., Reed v. Ross, 468 U.S. 1, 13, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) ("Underlying the concept of cause, however, is at least the [ ] notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel.") The Supreme Court has held that cause is found when "the factual or legal basis for a claim was not reasonably available to counsel" at the time a direct appeal was or could have been filed. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Accordingly, the failure to file a direct appeal when the appeal "would have been futile, because a solid wall of circuit authority" precluded the appeal, does not constitute procedural default. English v. United States, 42 F.3d 473, 479 (9th Cir. 1994) (internal quotation marks and citations omitted); see also Kimes v. United States, 939 F.2d 776, 778 (1991) ("failure to object … is not fatal to [a § 2255] petition, since well settled law precluded [the] claim at the time").

In Reed, the Supreme Court held that when one of its decisions explicitly overrules one of its prior decisions or overturns "a longstanding and widespread practice to which [the Supreme Court] has not spoken, but which a near unanimous body of lower court authority has expressly approved" and the new decision

> is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a [ ]court to adopt the position that this Court had ultimately adopted. Consequently, the failure of a defendant's attorney to have pressed such a claim … is sufficiently excusable to satisfy the cause requirement.

Id. at 17, 104 S.Ct. 2901 (internal quotation marks omitted). Here, Johnson expressly overrules James v. United States, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), and Sykes v. United States, 564 U.S. 1, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011), prior Supreme Court cases upholding the analogous residual clause in the ACCA, and the Supreme Court has held that Johnson is retroactive with respect to ACCA claims. Welch v. United States, —— U.S. ——, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

 Thus, it is indisputable that, at the time Movant could have filed a direct appeal, a claim that the residual clause in the § 4B1.2 definition of crime of violence was void for vagueness would not have succeeded and that "the legal basis for the claim was not reasonably available to counsel" at that time. Murray, 477 U.S. at 488, 106 S.Ct. 2639. Vagueness challenges to the residual clauses in the ACCA and the Sentencing Guidelines were foreclosed by the Supreme Court decisions in James and Sykes. Accordingly, Movant has demonstrated cause for his procedural default.

 As stated above, Movant must also demonstrate prejudice by showing that the

alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). The Supreme Court has not defined the level of prejudice necessary to overcome procedural default but it has held that the level is "significantly greater than that necessary under the more vague inquiry suggested by the words 'plain error.'" Murray, 477 U.S. at 493–94, 106 S.Ct. 2639 (quoting Engle v. Isaac, 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). To show prejudice under the plain error standard, a defendant must "show her substantial rights were affected, and to do so, must establish that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." United States v. Bonilla–Guizar, 729 F.3d 1179, 1187 (9th Cir. 2013) (internal quotation marks omitted).

The government argues that Movant cannot demonstrate prejudice because the Sentencing Guidelines are only advisory. Accordingly, the government notes that this Court "had nearly unfettered discretion to impose any sentence that Congress made applicable to his offense." Docket No. 47 at 6. However, even though the Guidelines are advisory, the Supreme Court has consistently held that sentencing courts "must treat the Guidelines as 'the starting point and the initial benchmark.'" Kimbrough v. United States, 552 U.S. 85, 108, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (quoting Gall v. United States, 552 U.S. 38, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)); see also Peugh v. United States, —— U.S. ——, 133 S.Ct. 2072, 2083, 186 L.Ed.2d 84 (2013) ("federal sentencing scheme aims to achieve uniformity by ensuring that sentencing decisions are anchored by the Guidelines"); Gall, 552 U.S. at 50 n.6, 128 S.Ct. 586 ("district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."). The Supreme Court recently observed that "when a Guidelines range moves up or down, offenders' sentences move with it." Peugh, 133 S.Ct. at 2084. An improperly calculated Guidelines range would "derail[ ] the sentencing proceeding before it even began." United States v. Doe, 705 F.3d 1134, 1154 (9th Cir. 2013).

Accordingly, the Ninth Circuit has long held that, on direct review, miscalculation of the Guidelines range constitutes plain error that affects a defendant's substantial rights. See, e.g., id. at 1188 ("We have held that when a sentencing judge incorrectly calculates the Guidelines range, potentially resulting in the imposition of a greater sentence, the error affects the defendant's substantial rights and the fairness of the judicial proceedings."). Moreover, the Supreme Court recently held that, absent "unusual circumstances," when a sentencing court improperly calculates the Guidelines range, the sentence constitutes plain error, even if the sentence imposed is within the correct Guidelines range. Molina–Martinez v. United States, —— U.S. ——, 136 S.Ct. 1338, 1347, 194 L.Ed.2d 444 (2016).

Here, this Court considered the enhancement based on the definition of crime of violence in imposing its sentence. Even though the sentence of seventy-one months was a downward variance from the enhanced range of seventy-seven to ninety-six months, it was still well above the non-enhanced range of thirty to thirty-seven months and the partially enhanced range of fifty-one to sixty-three months. The Court finds that the constitutional error in calculating Movant's Guidelines range "worked to his actual and substantial disadvantage." Frady, 456 U.S. at 171, 102 S.Ct. 1584 (emphasis in original).

Accordingly, the Court finds that Movant has shown cause and prejudice sufficient to overcome his failure to file a direct appeal challenging his sentence.

## II. Retroactivity

■■■ The government next argues that, under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), Johnson does not apply retroactively to cases in which an enhancement based on the definition of crime of violence in the Career Offender Guideline was applied. In Teague, the Supreme Court held that newly announced constitutional rules apply to all criminal cases still on direct review but only apply retroactively on collateral review if the rule (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or (2) is a "watershed rule[ ] of criminal procedure." Id. at 304, 311, 109 S.Ct. 1060 (internal quotation marks omitted).

As stated above, the Supreme Court has held that Johnson is a new substantive rule because it "changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.' " Welch, 136 S.Ct. at 1265 (quoting Schriro v. Summerlin, 542 U.S. 348, 353, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004)). Movant argues that, because the decision in Johnson similarly limits the application of certain Guidelines provisions and because it has been found to be retroactive with respect to the ACCA, it should be retroactive as to those Guidelines provisions as well. Movant contends that the retroactivity analysis in Welch applies to the rule set out in Johnson, and does not depend on the type of case in which the rule is applied.

It is true that the rule announced in Johnson applies only by analogy to the definition of crime of violence in the Career Offender Guideline. Johnson found that the language in the ACCA is unconstitutionally vague. While courts, including the Supreme Court and the Ninth Circuit, routinely look to interpretation of language in the ACCA when considering nearly identical language in the Guidelines and vice versa, it cannot be assumed that a finding that Johnson is retroactive as to the ACCA definitively means that it is retroactive as to the Guidelines. Indeed, the Supreme Court recently granted certiorari in Beckles v. United States, 2016 U.S. LEXIS 4142. Among the issues presented in Beckles is whether Johnson applies retroactively to collateral challenges to federal sentences enhanced based on the definition of crime of violence in the Career Offender Guideline.

As the government points out, those who meet the criteria of the ACCA are subject to a statutory mandatory minimum sentence. In contrast, those who are eligible for enhancements under the Sentencing Guidelines pursuant to language similar to that found unconstitutional in Johnson are subject to higher advisory Guidelines ranges. Therefore, the government argues that, as applied to defendants who are challenging Guidelines enhancements, the rule in Johnson is procedural because it "does not alter the statutory sentencing range or prevent reimposition of the same sentence without the career offender enhancement." Docket No. 55 at 10. In effect, the government argues that any new constitutional rules applicable to Guidelines calculations are neither substantive nor watershed procedural rules under Teague and thus cannot be applied retroactively.[1]

1. The government also argues that any Guidelines calculation error is a "procedural error" rather than a "substantive error." However, the terms "procedural error" and "substan-

tive error" are terms of art related to direct appellate review of sentences and are not applicable here. See Gall v. United States, 552

As a district court in the District of Oregon recently observed, there is no Ninth Circuit or Supreme Court authority to support this position. See United States v. Dean, 169 F.Supp.3d 1097, 1115–16 (D. Or. 2016).

Indeed, in Reina–Rodriguez v. United States, the Ninth Circuit determined that an en banc decision which "altered the conduct that substantively qualifies as burglary under the categorical approach" for purposes of the ACCA was a substantive rule and therefore eligible for retroactive application under Teague. 655 F.3d 1182, 1189 (9th Cir. 2011). Without addressing whether the retroactivity analysis should be different for cases under the Guidelines as opposed to under the ACCA, the Ninth Circuit applied the decision retroactively to a case challenging a Guidelines enhancement based on the § 4B1.2 definition of crime of violence. Id. at 1189–90.

Moreover, in Welch, the Supreme Court made clear that it "determine[s] whether a new rule is substantive or procedural by considering the function of the rule." 136 S.Ct. at 1265. The Welch Court held that the rule in Johnson was substantive because it "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." Id. Applying Johnson to the Guidelines likewise affects the reach of those Guidelines that rely on the definition of crime of violence in the Career Offender Guideline but "has nothing to do with the range of permissible methods a court might use to determine" whether those Guidelines apply. Id. As it does for the ACCA, "Johnson substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines." Dean, 169 F.Supp.3d at 1119. Accordingly, Johnson applies retroactively to Movant's case.

### III. Crime of Violence

Finally, the government argues that Movant's convictions for second-degree robbery, in violation of California Penal Code section 211, and evading a police officer, in violation of Oregon Revised Statutes section 811.540, qualify as crimes of violence, as defined by the Career Offender Guideline, without relying on the residual clause.

Section 4B1.2 defines a crime of violence as

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a). The underlined portion of the definition is referred to as the residual clause. Application Note 1 to § 4B1.2 indicates that the term "crime of violence" "includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." USSG § 4B1.2, comment. (n.1).

#### A. Robbery

▮▮▮ Movant argues that, following Johnson, his conviction under California Penal Code section 211 no longer qualifies as a crime of violence for purposes of § 4B1.2.

As the government points out, the Ninth Circuit has previously held that violations of California Penal Code section 211 are crimes of violence for purposes of USSG

U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

§ 2L1.2. See United States v. Flores–Mejia, 687 F.3d 1213, 1215–16 (9th Cir. 2012); United States v. Becerril–Lopez, 541 F.3d 881, 892–93 (9th Cir. 2008). In those cases, the Ninth Circuit held, "CPC § 211 is categorically a 'crime of violence' under U.S.S.G. § 2L1.2, because, in all its applications, CPC § 211 always constitutes either generic robbery or generic extortion, both of which are included in U.S.S.G. § 2L1.2's definition of 'crime of violence.'" United States v. Dixon, 805 F.3d 1193, 1196 (9th Cir. 2015).

Unlike § 4B1.2, § 2L1.2 does not contain a residual clause, nor does the Guideline itself include a definition of crime of violence. Instead, an application note to the Guideline defines crime of violence to be any of a list of enumerated generic offenses, including robbery and extortion, or any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2, comment. (n.1(b)(iii)).

■ As noted above, the § 4B1.2 Guideline definition of crime of violence at issue in this case includes extortion, but not robbery, in its list of enumerated generic crimes. The commentary to § 4B1.2 includes robbery in an additional list of enumerated generic crimes. Citing Stinson v. United States, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), the government argues that Guidelines commentary, including the list of enumerated generic crimes in the commentary to § 4B1.2, is binding on this Court. Movant counters that Guidelines commentary is not binding if "it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Id. Movant further notes that, in Dixon, the Ninth Circuit held that generic robbery does not qualify as a crime of violence under the elements clause of the ACCA, which is identical to the elements clause of § 4B1.2 because it does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." 805 F.3d at 1197–98. Physical force is defined as "violent force—that is, force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140, 130 S.Ct. 1265. In addition, the use of force "must be intentional, not just reckless or negligent." Dixon, 805 F.3d at 1197. Therefore, according to Movant, the commentary that includes robbery is not binding because it either is inconsistent with the Guideline without the residual clause or violates the Constitution because it relies on the residual clause.

■ In order to be consistent with the text of § 4B1.2, the offenses enumerated in the commentary to § 4B1.2 must either (1) qualify as crimes of violence under the elements clause, (2) also be enumerated in the text of § 4B1.2, or (3) qualify as crimes of violence under the residual clause. Robbery is neither enumerated in the text of § 4B1.2, nor does it qualify as a crime of violence under the elements clause. Therefore, it must be an example of an offense that previously qualified as a crime of violence under the residual clause. Following Johnson, the residual clause is unconstitutionally vague and, to the extent the commentary contains offenses that qualify as crimes of violence only under the residual clause, it is not binding under Stinson. See United States v. Soto–Rivera, 811 F.3d 53, 60 (1st Cir. 2016) (declining to rely on the application note's inclusion of possession of a machinegun as a crime of violence because "in the absence of the residual clause, there is nothing within § 4B1.2(a)'s text to serve as an anchor for Application Note 1's inclusion of possession of a machinegun within the definition of crime of violence").

The Court notes that the Ninth Circuit has recently held in an unpublished opin-

ion that section 211 continues to qualify as a crime of violence under § 4B1.2 following Johnson. See United States v. Tate, 2016 WL 4191909 (9th Cir.). However, unpublished Ninth Circuit opinions are not precedential. Ninth Circuit Rule 36–3. Moreover, Tate simply assumed that generic robbery continues to be a crime of violence under § 4B1.2 following Johnson and did not address the question of whether the inclusion of robbery in the commentary to § 4B1.2 continues to be binding Stinson.[2]

Because section 211 no longer qualifies as a crime of violence following Johnson, Movant is entitled to relief pursuant to § 2255.

### B. Oregon Revised Statutes section 811.540

 The Ninth Circuit has previously held that Oregon Revised Statutes section 811.540 qualifies as a § 4B1.2 crime of violence under the residual clause. See United States v. Snyder, 643 F.3d 694, 699–700 (9th Cir. 2011). Because this Court finds that Johnson applies to the residual clause in § 4B1.2, it finds that section 811.540 no longer qualifies as a crime of violence for purposes of § 4B1.2. The government briefly argues that the "facts of [Movant's] conviction demonstrate why that conviction was appropriately deemed an aggravating factor in determining Walker's sentence." Docket No. 47 at 13. However, the Court can only look to the facts of Movant's conviction if it is trying to determine, under the modified categorical approach, whether the statute of conviction is the equivalent of a generic offense listed in the definition of crime of violence. See Descamps v. United States,

—— U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). The government argues neither that section 811.540 "has as an element the use, attempted use, or threatened use of physical force against the person of another" nor that it is the equivalent of any of the generic offenses listed in § 4B1.2 or its commentary. Accordingly, the Court may not look to the facts of Movant's conviction to determine if it is a crime of violence.

Because section 811.540 no longer qualifies as a crime of violence following Johnson, Movant is entitled to relief pursuant to § 2255.

## CONCLUSION

For the foregoing reasons, the Court will GRANT Movant's § 2255 motion. Docket No. 36. The Court will vacate and set aside the judgment at Docket Number 30. A sentencing hearing will be held on November 15, 2016 at 2:00 PM. Within twenty-eight days of this order, the Probation Office shall prepare an updated Presentence Investigation Report, including post-conviction information such as the extent of any post-conviction rehabilitation. The parties shall file their sentencing memoranda within one week thereafter.

IT IS SO ORDERED.

---

2. The Court also notes that, effective August 1, 2016, the Sentencing Commission amended § 4B1.2(a)(2) to eliminate the residual clause and to include robbery and certain other offenses that were previously listed in the application notes to the Guideline. Nevertheless, the applicable Guidelines are those that were in effect at the time of sentencing. See USSG § 1B1.11(a).