**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 10-1674

UNITED STATES,

Appellee,

v.

JAYSON FULCHER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Souter, Associate Justice,[*]
and Stahl, Circuit Judge.

Michael J. Sheehan for appellant.
Seth R. Aframe, Assistant United States Attorney, with whom John P. Kacavas, United States Attorney, was on brief, for appellee.

June 28, 2011

---

[*] The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER, <u>Associate Justice</u>**.  The appellant, Jayson Fulcher, was convicted of attempted bank robbery and sentenced to a 144-month term of imprisonment after being found to be a career offender as defined by the Sentencing Guidelines, U.S.S.G. § 4B1.1, and thus subject to an enhanced, advisory guideline range of 210-262 months. Career offender status requires, among other things, two prior felony convictions for crimes of violence or controlled substance offenses, and Fulcher excepts to the classification of a New Hampshire witness tampering conviction as a crime of violence under the three-part Guidelines definition: (1) a crime with an element of actual, attempted or threatened use of force; (2) burglary of a dwelling, arson, extortion or criminal use of explosives; or (3) a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a).  He points out that under the relevant portion of the witness tampering provision, guilt requires only that the defendant "attempt[] to induce or otherwise cause" a witness to deny or conceal the truth.  <u>See</u> N.H. Rev. Stat. Ann. § 641:5(I).  It is thus not defined to include a force element; it is not one of the enumerated offenses; and it is not "otherwise" an offense presenting the requisite risk of personal injury.  Fulcher pressed these arguments in the district court, which overruled his objection and treated the New Hampshire conviction as being for a violent felony.  The government defends the district judge's

-2-

conclusion and argues that, in any case, the 12-year duration of his sentence was determined independently of the career offender classification and should be affirmed for that reason. Because the issues implicated in the arguments over application of the residual "otherwise" clause are not developed in the briefs, we affirm on the government's alternate ground that the sentence was not affected by the district court's career offender determination.

At the sentencing hearing, the trial judge said that applying the Guidelines "formulaically . . . often distorts things in terms of the facts of an individual case," as he found to be true in this one. He spoke of Fulcher's criminal history beginning with charges when he was 19 and spanning his entire adult life, with a repetitive sequence of conviction, incarceration, parole violation, and further offense. The "real problem . . . isn't the career offender [status]. It's the . . . criminal history of this particular individual . . . ." After observing the ineffectiveness of the prior sentences to deter the defendant's drug use and noting the seriousness of the current offense, and after colloquies with counsel and the defendant, the court settled on a sentence 39 months higher than the upper end of the advisory range as determined without a career offender finding, and 66 months beneath the minimum for someone in the career offender column. The judge paid pointed attention to the object of resolving Fulcher's drug problem, and after announcing the sentence the judge referred

expressly to the sentencing considerations mandated by 18 U.S.C. § 3553(a).  He summed up by stating that the 144-month term was "sufficient but not more than necessary" to take those considerations "into account."[1]

There is consequently no reason to believe that the sentence was affected by the career offender classification, see United States v. Gerhard, 615 F.3d 7, 35 (1st Cir. 2010), and the judgement is affirmed on the ground that if any error did occur it was harmless.

**Affirmed**.

---

[1]Fulcher raised no question about the pertinence of the court's concerns under § 3553(a) and related statutes.