BY THE PANEL:
Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Leonard Sapp has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h). “The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.” Id. § 2244(b)(3)(C); see also Jordan v. Sec’y, Dep’t of Corr., 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court’s determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).
In his application, Mr. Sapp indicates that he wishes to raise one claim in a second or successive § 2255 motion. Mr. Sapp asserts that his claim relies upon a new rule of constitutional law, specifically Johnson v. United States, 576 U.S.-, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), and Welch v. United States, 578 U.S.-, 136 S.Ct. 1257, 1264-65, 194 L.Ed.2d 387 (2016). He argues that, pursuant to Johnson, the mandatory career offender enhancement applied to his sentence, imposed in January 2003, is unconstitutional.
The Armed Career Criminal Act (“ACCA”) defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, or involves use of explosives; or (3)otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B); Mays v. United States, 817 F.3d 728, 730-31 (11th Cir. 2016). These three “clauses” are known as the “elements clause,” the “enumerated clause,” and the “residual clause,” respectively. Mays, 817 F.3d at 731.
Section 4B1.1 of the Sentencing Guidelines provides that a defendant is classified as.a career offender if he (1) was at least 18 years old at the time of the offense of conviction; (2) the offense of conviction was either a crime of violence or a controlled-substance offense; and (3) he had at least two prior felony convictions of either a crime of violence or a controlled-substance offense. U.S.S.G. § 4Bl.l(a). The guidelines define “crime of violence” as any offense under federal or state law that is punishable by imprisonment for more than one year- and:
(1) has as an element the use, attempted use, or threatened use of physi *1336 cal force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
U.S.S.G. § 4B1.2(a).
On June 26, 2015, the Supreme Court in Johnson held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. Johnson, 576 U.S. at-, 135 S.Ct. at 2557-58, 2563. The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA’s definition of a violent felony. Id. at -, 135 S.Ct. at 2563.
On April 18, 2016, the Supreme Court held in Welch that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch, 578 U.S. at -, 136 S.Ct. at 1264-65.
In United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015), we held that the holding of Johnson does not apply to the career-offender guideline, and the guideline is not unconstitutionally vague. Match-ett was an advisory-Guidelines case. In In re Griffin, No. 16-12012, 823 F.3d 1350, 2016 WL 3002293 (11th Cir. May 25, 2016), we held that our reasoning in Matchett applied with equal force to the residual clause of the career-offender guideline in the context of the mandatory Guidelines. The Supreme Court has recently granted certiorari in Beckles v. United States, 616 Fed.Appx. 415 (11th Cir. 2015), cert. granted, No. 15-8544, — U.S.-, 136 S.Ct. 2510, — L.Ed.3d-, 2016 WL 1029080 (U.S. June 27, 2016), which raises the question of whether Johnson applies to the Guidelines. While we respectfully disagree with the holding of Griffin, we are nonetheless bound by that decision.
As a result, Mr. Sapp has not satisfied the statutory criteria for filing a successive § 2255 motion. First, even though the Supreme Court has held in Welch that Johnson applies retroactively to cases on collateral review, our binding precedent holds that Welch does not make Johnson retroactive for purposes of filing a successive § 2255 motion raising a Johnson-based challenge to the Sentencing Guidelines. See Griffin, 823 F.3d at 1355-56, 2016 WL 3002293, at *5. Furthermore, Mr. Sapp cannot make a prima facie showing that Johnson applies to him in light of our holding in Griffin that the mandatory Sentencing Guidelines cannot be unconstitutionally vague. See Griffin, 823 F.3d at 1354-55, 2016 WL 3002293, at *4.
Accordingly, because Mr. Sapp has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255(h), his application for leave to file a second or successive motion is hereby DENIED.