UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jayson Fulcher

    v.

United States of America

Civil No. 16-cv-191-JD
Opinion 2016 DNH 125


O R D E R


Jayson Fulcher seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, contending that he was erroneously sentenced as a career offender under the United States Sentencing Guidelines § 4B1.2. He argues that pursuant to the decision in Johnson v. United States, 125 S. Ct. 2551 (2015), he does not qualify as a career offender, that the Johnson rule applies retroactively to his case under Welch v. United States, 136 S. Ct. 1257 (2016), and that he should be resentenced. The government moves to dismiss the case on the grounds that it was not timely filed and Fulcher was not sentenced based on the Guideline range for a career offender.

A. Timeliness

A petition for a writ of habeas corpus under § 2255 must be brought within one year from the latest of one of the following dates: (1) the judgment of conviction, (2) an unconstitutional

governmental impediment to petitioning is removed, (3) the newly recognized and retroactive right was recognized by the Supreme Court, and (4) facts supporting the claim could have been discovered using due diligence. § 2255(f). Because Fulcher's conviction became final several years ago, he relies on § 2255(f)(3), based on the Supreme Court's holding in Johnson.

In Johnson, the Supreme Court invalided the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court then held in Welch that the rule announced in Johnson was substantive and has retroactive effective in habeas cases challenging sentences under the ACCA. 136 S. Ct. at 1268. The residual clause in § 924(e)(2)(B)(ii) that was invalided in Johnson is identical to the residual clause in § 4B1.2.

The government concedes that Johnson invalidates the residual clause in § 4B1.2 but contends that the Johnson rule as applied to § 4B1.2 is procedural and, therefore, not retroactive. As a result, the government contends, § 2255(f)(3) does not apply, and the petition is untimely. Fulcher argues that the Johnson rule should be applied retroactively to allow his petition to proceed as timely filed under § 2255(f)(3).

Neither the Supreme Court nor the First Circuit has

2

addressed the question of whether Johnson can be applied retroactively to § 4B1.2.  Other courts disagree about the retroactive application of Johnson to § 4B1.2 and the Supreme Court has granted certiorari to decide the issue.  See Blow v. United States, --- F.3d ---, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016) (citing cases including Beckles v. United States, No. 15-8544, --- U.S. ---, --- S. Ct. --, 2016 WL 1029080 (U.S. June 27, 2016)); see also In re: Sapp, --- F.3d ---, 2016 WL 3648334, at *2 (11th Cir. July 7, 2016); Donnell v. United States, --- F.3d ---, 2016 WL 3383831, at *3 (8th Cir. June 20, 2016); In re: Arnick, --- F.3d ---, 2016 WL 3383487, at *1 (5th Cir. June 17, 2016); United States v. Beck, 2016 WL 3676191, at *7-*8 (D. Neb. July 6, 2016); United States v. Bercier, --- F. Supp. 3d ---, 2016 WL 3619638, at *3-*5 (D. Or.  June 24, 2016); United States v. Ramirez, --- F. Supp. 3d ---, 2016 WL 3014646, at *6-*10 (D. Mass. May 24, 2016).  This court need not delve into the disputed issue, however, because the alternative ground for dismissal is dispositive.

B.  Fulcher's Sentence

Following his conviction on a charge of attempted bank robbery, Fulcher was classified as a career offender under

3

§ 4B1.2 for sentencing.  He was sentenced to 144 months imprisonment.

On direct appeal, Fulcher raised the issue of whether he should have been classified as a career offender, arguing that his predicate offenses were not crimes of violence.  The First Circuit concluded, however, that Fulcher's sentence "was not affected by the district court's career offender determination." United States v. Fulcher, 428 F. App'x 16, 17 (1st Cir. 2011).

The First Circuit reviewed the sentencing hearing and noted that:

> After observing the ineffectiveness of the prior sentences to deter [Fulcher's] drug use and noting the seriousness of the current offense, and after colloquies with counsel and [Fulcher], the court settled on a sentence 39 months higher than the upper end of the advisory range as determined without a career offender finding, and 66 months beneath the minimum for someone in the career offender column. The judge paid pointed attention to the object of resolving Fulcher's drug problem, and after announcing the sentence the judge referred expressly to the sentencing considerations mandated by [§ 3553(a)].  He summed up by stating that the 144-month sentence was "sufficient but not more than necessary" to take those considerations "into account."

Id.  Based on that evaluation of Fulcher's sentencing, the court concluded that "[t]here is consequently no reason to believe that the sentence was affected by the career offender classification."  Id.  Because Fulcher was not sentenced as a career offender, the First Circuit found that any error in

4

classifying Fulcher as a career offender was harmless, and his sentence was affirmed.  Id.

That result obviates Fulcher's argument here that he was improperly sentenced as a career offender under § 4B1.2.

## Conclusion

For the foregoing reasons, the government's motion to dismiss (document no. 6) is granted.  The clerk of court shall enter judgment accordingly and close the case.

The court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)

SO ORDERED.


_____
Joseph DiClerico, Jr.
United States District Judge


July 21, 2016

cc:  Jonathan R. Saxe, Esq.
     Seth R. Aframe, Esq.

5