NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30216 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-05458-RBL-1 |
| v. | |
| DIMITRI J. POWELL, | MEMORANDUM * |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued February 9, 2017 Submitted September 1, 2017
Seattle, Washington

Before: FISHER, PAEZ and CALLAHAN, Circuit Judges.

Dimitri Powell pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He received a 10-year, statutory maximum sentence for this crime, despite a Sentencing Guidelines range of 77 to 96 months. Powell challenges this sentence on appeal, arguing: (1) the

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

district court failed to properly calculate the Guidelines range by (A) treating a Washington second degree robbery conviction as a crime of violence and (B) applying an obstruction of justice enhancement without an evidentiary hearing; (2) the district court considered and relied on unproven allegations of domestic violence without a Federal Rule of Criminal Procedure 32 hearing; and (3) the sentence is substantively unreasonable in light of mitigating factors.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## 1

Powell was sentenced under the 2014 Sentencing Guidelines.[1]  The Guidelines range of 77 to 96 months was calculated based on a total offense level of 21 and a criminal history category of VI.  Powell contends this total offense level – and resulting Guidelines range – was incorrect.  We disagree.

## A

The district court did not plainly err, *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016), by treating Powell's previous second degree robbery conviction as a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A).

Robbery is an enumerated offense that qualifies as a "crime of violence" under § 2K2.1(a)(4)(A).  The term "crime of violence" is defined by reference to

---

[1] All references are to the 2014 version of the Sentencing Guidelines.

the definition provided in § 4B1.2(a) *and* Application Note 1 of its commentary. *See* U.S.S.G. § 2K2.1 cmt. n.1. Although robbery is not mentioned in the text of § 4B1.2(a)(2), it is mentioned in Application Note 1 of that section. *See* U.S.S.G. § 4B1.2 cmt. n.1. This commentary is "authoritative," not only because the definition provided in § 2K2.1's commentary expressly refers to § 4B1.2's commentary, but also because commentary that is harmonious with federal law and the text of the Guidelines is binding. *Stinson v. United States*, 508 U.S. 36, 38 (1993). Even assuming Application Note 1 interprets § 4B1.2(a)(2)'s residual clause, doing so poses no conflict with the text of § 4B1.2(a)(2) because "§ 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895, 897 (2017). Accordingly, we are not persuaded by decisions of other circuits holding to the contrary before *Beckles* vitiated any "missing textual hook" argument.[2]

We also reject Powell's contention that Washington second degree robbery does not qualify as a crime of violence under the categorical approach because the

_____

[2] *Cf. United States v. Rollins*, 836 F.3d 737, 742 (7th Cir. 2016) (en banc) ("If the application note's list is not interpreting one of those two subparts – and it isn't once the residual clause drops out – then it is in effect *adding* to the definition[, a]nd that's *necessarily* inconsistent with the text of the guideline itself."); *United States v. Soto-Rivera*, 811 F.3d 53, 60 (1st Cir. 2016) ("By its clear language, once shorn of the residual clause . . . [t]here is simply no mechanism or textual hook in the Guideline that allows us to import offenses not specifically listed therein into § 4B1.2(a)'s definition of 'crime of violence.'").

statute reaches (1) threats to property, making it broader than generic robbery, and (2) threats to property that would negate consent, making it broader than generic extortion, which has the victim's consent as an element. In *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008), we held California Penal Code § 211 was broader than generic robbery, but nevertheless held a conviction under § 211 was a crime of violence under the categorical approach because "[t]akings through threats to property . . . fall within generic extortion." Because Powell has drawn no material distinction between § 211 on the one hand and Washington second degree robbery on the other, he has not established plain error.

In arguing otherwise, Powell relies on *United States v. Bercier*, 192 F. Supp. 3d 1142, 1152 (E.D. Wash. 2016), which concluded that, "[a]s Washington State second-degree robbery criminalizes threats of force directed towards property that may involve sufficient force to negate any possible finding that the defendant intended to gain the victim's consent, Washington State second-degree robbery is not a categorical match for 'generic extortion.'" We are dubious about *Bercier*'s reasoning, but even if we were persuaded by it, we are bound by the on-point holding in *Becerril-Lopez*.

4

In sum, the district court did not plainly err by treating Powell's conviction as a crime of violence.[3]

**B**

The district court did not err in finding Powell obstructed justice.[4] During a suppression hearing, Powell's girlfriend testified that she and Powell had concocted a plan to frustrate law enforcement efforts by (1) saying officers threatened to take away her children should she deny them access to her apartment and (2) saying the firearm at issue belonged to Powell's estranged wife.[5] Powell's involvement in these efforts was the reason the probation office recommended an obstruction of justice enhancement. Instead of objecting to these facts, Powell objected only to the conclusion that such facts supported an obstruction charge. Because Powell did not object to the factual basis of the obstruction enhancement,

---

[3] Although we hold Powell has not shown plain error, we do not foreclose other parties from arguing that Washington second degree robbery does not qualify as a crime of violence.

[4] "We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Tanke*, 743 F.3d 1296, 1306 (9th Cir. 2014). "[A]s a general rule, a district court's application of the Sentencing Guidelines to the facts of a given case should be reviewed for abuse of discretion." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

[5] During the sentencing hearing, Powell's counsel acknowledged there was evidence of phone calls between Powell and the girlfriend, but argued they were "ambiguous."

no evidentiary hearing was required under Rule 32. *See United States v. Petri*, 731 F.3d 833, 840-41 (9th Cir. 2013); *see also United States v. Lindholm*, 24 F.3d 1078, 1085 n.7 (9th Cir. 1994). Accordingly, the district court did not err in applying an obstruction of justice enhancement.

**2**

Powell has not shown the district court's recitation of unproven domestic violence allegations affected his sentence. These allegations did not contribute to the calculated Guidelines range from which the district court ultimately varied. Nor did they appear in the district court's statement of reasons for varying from the Guidelines. Therefore, Powell has not shown he was sentenced on the basis of materially incorrect information. *See United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006).

**3**

Powell's sentence is not substantively unreasonable. His criminal history is lengthy and troubling, with few breaks separating criminal acts for which he was tried and convicted. That his history was likely influenced – perhaps, even caused – by a tragic backstory does not deprive the district court of its discretion to impose the maximum sentence. We cannot say Powell's sentence was "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir.

6

2009) (en banc) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)).

**AFFIRMED.**